24-2730
United States v. Handler

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> MYRNA PÉREZ,
> *Circuit Judges.*[*]

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                  No. 24-2730

MENACHEM LIEBERMAN, HAROLD SCHWARTZ, ISIDORE HANDLER, BEN WERCZBERGER, ARIE RANGOTT, CHARMANE WONG,

*Defendants,*

MARTIN HANDLER,

*Defendant-Appellant.*

_____

---

[*] Judge Alison J. Nathan, who was originally assigned to the panel, is unable to participate in consideration of this matter. Pursuant to this Court's Internal Operating Procedures, the appeal has accordingly been heard and decided by the remaining two judges of the panel. *See* 2d Cir. IOP E(b).

1

**FOR APPELLEE:**                    DANIEL H. WOLF, (Catherine Ghosh, Stephanie Simon, Jacob R. Fiddelman, *on the brief*), Assistant United States Attorneys *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**    MARK D. HARRIS, Proskauer Rose LLP, New York, NY.

Appeal from an October 7, 2024, judgment of the United States District Court for the Southern District of New York (Rearden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

Defendant-Appellant Martin Handler appeals from a judgment of the United States District Court for the Southern District of New York, entered on October 7, 2024, sentencing him principally to 58 months of imprisonment, which he is currently serving. Handler entered a plea agreement with the government, pleading guilty to: conspiracy to defraud the United States Department of Health and Human Services ("HHS") in violation of 18 U.S.C. § 371, misapplying federal funds in violation of 18 U.S.C. § 666, and tax evasion in violation of 26 U.S.C. § 7201.

Handler now appeals his sentence, accusing the government of breaching the plea agreement in light of its sentencing advocacy. Handler asks that the judgment be vacated and the case remanded to a different judge for resentencing. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, and we only recount as much as necessary to explain our decision to dismiss this appeal.

**I.     The Plea Agreement**

Handler's plea agreement sets forth stipulated calculations under the United States Sentencing Guidelines, resulting in an agreement that "the defendant's stipulated Guidelines range is 51 to 63 months' imprisonment (the 'Stipulated Guidelines Range')." App'x at 226. A separate

provision states: "[N]either party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines." *Id.* The immediately following paragraph then states: "The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to [18 U.S.C. §] 3553(a)." *Id.* And the paragraph after that states:

> Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to [18 U.S.C. §] 3553(a) . . . .

*Id.* There is also an appellate waiver, which states:

> It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under [28 U.S.C. §] 2255 [(unconstitutional sentence)] and/or [28 U.S.C. §] 2241 [(writ of habeas corpus)], of any sentence within or below the Stipulated Guidelines Range of 51 to 63 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range.

*Id.* at 227.

**II.     Discussion**

"We review plea agreements *de novo* and in accordance with principles of contract law." *United States v. Brumer*, 528 F.3d 157, 158 (2d Cir. 2008) (citing *United States v. Griffin*, 510 F.3d 354, 360 (2d Cir. 2007)).

As an initial matter, this appeal squarely implicates the plea agreement's appellate waiver, as Handler is appealing a sentence within the Stipulated Guidelines Range. While the waiver is presumptively enforceable, *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017), Handler claims the government breached the plea agreement itself, which is a recognized exception to the

3

enforceability of such a waiver, *id.* Resolving the question of whether the government breached the agreement therefore resolves the question of whether the appellate waiver applies here—if the waiver is enforceable, then the appeal is barred.

The government did not breach the plea agreement. Handler alleges that the government's sentencing advocacy was in breach because the government asserted that Handler defrauded HHS and "stole" or "embezzled" federal funds when the agreement stipulated that HHS suffered no economic loss, and because the government referenced evidence of Handler's conduct not captured by the plea agreement. "We start with the text of the agreement, which is the most important consideration when determining how the parties intended to be bound." *Murphy v. Inst. of Int'l Educ.*, 32 F.4th 146, 152 (2d Cir. 2022). The plea agreement explicitly allows for either party to seek a sentence outside of the Stipulated Guidelines Range, so long as it is based upon § 3553(a).[1] It also allows either party to make "any arguments" regarding both the § 3553(a) factors, as well as "where within the Stipulated Guidelines Range" Handler should be sentenced. App'x at 226. The government's conduct in the record is congruent with these provisions; the express terms of the agreement allowed the government to advocate for a higher sentence, just as it allowed Handler to argue for a lower sentence (as he in fact did). Handler's arguments that the government's advocacy was improper because it advocated for a higher sentence—whether within the Stipulated Guidelines Range or outside of it—are foreclosed by the text of the plea agreement.[2]

[1] 18 U.S.C. § 3553(a) lists factors that a "court, in determining the particular sentence to be imposed, shall consider." Those factors include, but are not limited to: "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" the need for the sentence "to afford adequate deterrence to criminal conduct;" and "the kinds of sentence and the sentencing range established for . . . the applicable category of offense" as calculated under the Guidelines.

[2] Handler does not outright accuse the government of seeking a higher sentence; Handler acknowledges that the government sought a sentence of 63 months, which was the top of the Stipulated Guidelines Range. Nevertheless, Handler implies that the government sought to influence a higher sentence outside of the Stipulated Guidelines Range via its advocacy despite its "professed adherence" to the stipulated range. *See* Reply Br. 20.

Further, Handler is incorrect that the government contradicted the factual stipulations in the plea agreement by saying he defrauded HHS. In particular, Handler asserts that a crucial factual stipulation was that HHS suffered no economic loss under the applicable Guidelines. However, the plea agreement's provisions distinguished between advocating for a departure from the stipulated Guidelines *calculations*, as opposed to advocating for a departure from the stipulated Guidelines range pursuant to § 3553(a). Handler does not argue that the government attempted to apply different Guidelines calculations other than those stipulated, or that it sought to modify the Stipulated Guidelines Range. There is no provision in the agreement—and Handler does not point to any—that restricts the government from arguing that HHS suffered "harm" or otherwise characterizing the underlying offenses. To the contrary, "nothing in this Agreement limits the right of the parties . . . to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced." App'x at 226. The government thus did not breach the plea agreement in making such arguments, whether characterizing the underlying offenses as "fraud," "harm," "theft," or otherwise.

Finally, the government did not breach the plea agreement when it discussed Handler accepting a bag of cash alleged to be a kickback. In determining a third-party organization's entitlement to restitution, the District Court sought evidence that the organization may have had knowledge of Handler's misconduct, and the government cited that incident as one example of how the organization may have been aware. The plea agreement states that "nothing in this Agreement limits the right of the parties . . . to present to the Probation Office or the Court any facts relevant to sentencing," and so the government acted well within its contractual obligations in responding to the District Court's inquiry. *Id.* And the District Court clarified that it was not

5

material to any aspect of Handler's sentence beyond resolving which party was entitled to restitution.

The government did not breach the plea agreement, and the appeal waiver contained therein bars this appeal.

**III.    Conclusion**

We have considered Handler's remaining arguments and find them to be without merit. For the foregoing reasons, Handler's appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court